UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YURY SAARYAN,

Petitioner,

v.

TODD BLANCHE, et al.,

Respondent.

CASE NO. 2:26-cv-03093-BAT

**ORDER GRANTING PETITION AND ORDERING RELEASE**

Before the Court is Petitioner's second habeas petition seeking release from immigration detention. Dkt. 1. Petitioner contends because he has been subjected to prolonged detention and there is no substantial likelihood he will be removed within the reasonably foreseeable future, the Court should order his release under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). *Id.* Respondent disagrees arguing the Court should deny relief because Petitioner's detention has not exceeded six months and is therefore presumptively not unreasonably prolonged, and because Petitioner's challenge to his detention is barred by the abuse of the writ doctrine. Dkt. 7. For the reasons below, the Court **GRANTS** the habeas petition.

## BACKGROUND

On April 20, 2026, Petitioner filed a *pro se* § 2241 habeas petition. *See Saaryan v. ICE Field Office Director*, No. 2:26-cv-01412-JNW. On July 22, 2026, the Honorable Jamal

Whitehead issued an order finding Petitioner presented himself to the Tukwila ICE office on August 27, 2025, was immediately detained, was denied bond and was granted voluntary departure which did not occur because ICE did not obtain travel documents from Russia. Judge Whitehead construed the first habeas petition as arguing Petitioner's continued detention violates Petitioner's due process rights because there is no significant likelihood of removal in the reasonably foreseeable future. Dkt. 13 at 3. Judge Whitehead found Petitioner's removal order became final on March 25, 2026 and as the six-month period of presumptive reasonableness had not yet passed, denied the petition noting the denial is without prejudice "because while a period may be reasonable at a given point in time, it can become unreasonable later. Saaryan may return to this Court if he obtains evidence that he is unlikely to be deported in the foreseeable future, or if his detention goes beyond the six-month period." *Id.* at 5-6.

On August 30, 2026, Petitioner, by counsel, filed the petition now before the Court. Dkt. 1. Plaintiff contends he has been detained nine months since the IJ issued a voluntary departure order in November 2025 and nearly six months since the final order of removal was issued on March 25 2026, and there is no significant likelihood he will be removed in the foreseeable future. *Id.* at 8. He argues he should be released because the evidence he presents rebuts the "six-month detention period presumed reasonable under *Zadvydas,*" and his continued detention violates due process of law. *Id*. at 10.

Respondents disagree arguing the Court should deny relief because: (a) Petitioner is barred by the abuse of the writ doctrine from relitigating Judge Whitehead's finding the six-month detention period presume reasonable under *Zadvydas* has not passed; (b) Petitioner fails to present evidence he is unlikely to be deported in the reasonable future; and (c) any request regarding third country removal is premature and should be denied. Dkt. 7 at 8-11.

## DISCUSSION

### A. Abuse of the Writ

Respondents argue under *Alaimalo v. U.S.* 645 F.3d 1042, 1049 (9th Cir. 2011) (citation omitted), Petitioner is barred by the abuse of the writ doctrine because his second petition raises grounds for relief that are identical to the first petition and Petitioner has not shown cause for bringing the second petition, prejudice, or a fundamental miscarriage of justice.

While the statutory bar in 28 U.S.C. § 2244(a) is inapplicable to an immigration detainee's § 2241 petition, *see Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000), the common law abuse of the writ doctrine is applicable to § 2241 proceedings. *See Alaimalo v. United States*, 645 F.3d at 1049. Judge Whitehead denied the first petition finding seeking relief under *Zadvydas* finding the six-month period of detention that is presumed reasonable under *Zadvydas* had not yet lapsed. But Judge Whitehead recognized the length of Petitioner's detention could because "unreasonable later" and Petitioner may return to the Court if "he obtains evidence that he is unlikely to be deported in the foreseeable future." *See Saaryan v. ICE Field Office Direct, et al.*, No. 2:26-cv-01412-JNW, Dkt. 13 at 5.

It is now October 2, 2026, and the lapse of time provides cause for consideration of the present habeas petition. Judge Whitehead denied the first habeas petition solely on the ground that the six-month period of detention presumed reasonable under *Zadvydas* had not yet lapsed. Under Judge Whitehead's order, the six-month presumptively reasonable detention period started on March 25, 2026, and lapsed on September 25, 2026. The factual basis for Judge Whitehead's order denying habeas relief has changed and the Court thus concludes it is proper to consider whether Petitioner is entitled to relief under *Zadvydis*.

**B. Likelihood of Removal in the Reasonably Foreseeable Future**

Petitioner second habeas petition seeks relief under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Petition, Dkt. 1 at 10-11. Petitioner is detained under 8 U.S.C. § 1231 as he is subject to a final order of removal. Under § 1231, noncitizens detained during the 90 days following the entry of the removal order, after which the government may detain the noncitizen or release the noncitizen under supervision. § 1231(a)(6). *Zadvydas* held § 1231 detention is limited to "a period reasonably necessary to bring about . . . removal from the United States." 533 U.S. 678 at 689. Detention is presumptively reasonable for six months after the removal period. "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. If the government fails to rebut the noncitizen's showing, the noncitizen is entitled to habeas relief.

Here, Petitioner has been detained since August 27, 2025. He was granted voluntary departure but as he lacked a passport or travel documents, he asked Respondents to help facilitate his departure. On January 26, 2026, Petitioner's request for a travel document was approved for submission to Russia by Respondents, and the travel document request was submitted to Russia sometime in February 2026. Respondents aver on April 7, 2026, Russia informed them the travel document request was "pending" and that as of September 14, 2026, it was still pending. Respondents contend "ERO believes there is a significant likelihood of removal in the reasonably foreseeable future ("SLRRF") to Russia. ERO has received no indication that Russia will not issue a travel document for Petitioner."

The Court finds Petitioner has met his burden of providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*,

533 U.S. at 701. First, Petitioner has been detained for over a year. During this time period, Respondents have failed to obtain the travel document needed for removal. At best, a request for travel document was submitted to Russia in February 2026, remained pending in April 2026, and was still "pending" on September 14, 2026 when Respondent's filed its return opposing the present petition. Since then, Respondents have not presented anything showing the travel document, now "pending" is moving forward, will move forward, and if it moves forward when the travel document will be issued. The Court thus finds Petitioner has met his burden to show good reason to believe there is no significant likelihood of his removal in the reasonably foreseeable future.

The Court further finds Respondents have not met their corresponding burden. At best, Respondents proffer they "believe" there is a significant likelihood Petitioner will be removed in the reasonably foreseeable future and Russia has not thus far indicated it will not issue a travel document.  An opinion lacking a factual basis is insufficient. "Courts in this circuit have regularly refused to find Respondents' burden met where Respondents have offered little more than generalizations regarding the likelihood that removal will occur." *Singh v. Gonzales*, 448 F. Supp. 2d 1214, 1220 (W.D. Wash. 2006); *See also Nguyen v. Scott*, 796 F.Supp.3d 703, 725 (W.D. Washington, 2025) (possibility county will accept petitioner is not the same as a significant likelihood of acceptance in the reasonably foreseeable future); *Kamyab v. Bondi*, 2025 WL 2917522 at * 4 (W.D. Washington, Oct. 14, 2025) (Assertion a country is accepting returns of its citizens is insufficient); *Akin v. Rokosky*, 2026 WL 2298886 at * 7 (D. Arizona, July 22, 2026) (a showing a country will accept petitioner at some point is not the same as a significant likelihood he will be removed in the reasonably foreseeable future).

The Court accordingly finds Respondents have failed to rebut Petitioner's assertion there

is no significant likelihood of removal in the reasonably foreseeable future, and Petitioner is entitled to *Zadvydas* habeas relief.

**C. Third Country Removal**

Petitioner requests the Court issue an order barring Respondents from redetaining him unless Respondents provide him meaningful notice of intent to any third country and provide Petitioner a meaningful opportunity to raise a country-specific claims against removal to a third country. Respondents argue this request is premature because there is no concrete indication third county removal will occur.

The Court holds Petitioner must be given sufficient notice of a third country of deportation that, given his capacities and circumstances, he would have a reasonable opportunity to raise and pursue his claim for withholding of deportation. *See Nguyen v. Scott*, 96 F.Supp.3d at 727-8. Due process includes the right to "a full and fair hearing, an impartial decisionmaker, and evaluation of the merits of his or her particular claim." *Id.* The due process clause requires the government to "provide a meaningful opportunity to be heard on asylum and withholding claims." *Id.* These requirements "flow directly from binding Ninth Circuit precedent," and to the extent ICE policy contradicts them, it is unlawful. *Id.* at *19 ("It would be impossible to comply both with Ninth Circuit precedent and the policy."). The Court also notes if the government moves forward with removal to a third country without reopening removal proceedings, disregarding the requirements of due process as laid out in *Nguyen*, and the Ninth Circuit precedent upon which it relies, Petitioner would be free to move for injunctive relief, demonstrating his entitlement to an injunction, and the likelihood of irreparable harm.

For the reasons above, the Court **ORDERS**:

1. The petition for writ of habeas corpus is **GRANTED**. Dkt. 1.

2. Respondents shall **RELEASE** Petitioner within 24 hours of entry of this order; return to him any personal property upon release, including personal identification documents (other than a passport) and employment authorization documents; and file a status report certifying he has been released within 48 hours of entry of this order.

3. If Respondents seek to remove Petitioner to a third country, they are **ORDERED** to give him five working days' notice and the opportunity to respond to any third country removal attempt by providing a reopened removal proceeding before an immigration judge.

4. Petitioner may move for EAJA attorney fees and costs.

DATED this 2nd day of October, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge